# L. TRACY *versus* J. PERRY, and another.

Where two joined in the sale of a glass of wine, without being duly licensed to keep tavern, it was held that they had incurred jointly the penalty imposed by the statute, and not severally several penalties.

THIS was a writ of error, brought to reverse a judgment of the court of common pleas. It appeared by the record, that Tracy declared in debt against Perry and Wood, in his first count, that they, at K. on 7th January, 1826, neither of them being taverners, nor licensed to keep tavern, in their shop at K. aforesaid, sold and delivered to one T. E. S. a certain quantity, being one glass, of wine, and did then and there suffer the said T. E. S. to drink the wine in the shop aforesaid, and the said T. E. S. drank the same wine in the same shop, contrary to the form of the statutes in such case made and provided, whereby &c.

There was another count, for selling another glass of wine to the same person, on the 9th January, 1826.

The cause was tried in the common pleas, upon a plea of *nil debent*, and a verdict returned in favour of the plaintiff, for $20, but the court arrested the judgment.

*Joel Parker*, for the defendants.

The plaintiff brought his action upon the 7th section of the statute of June 14th 1791, and upon the additional act of December 23, 1820, and demanded in each of his two counts, a penalty of ten dollars, and obtained a verdict for $20. But no statute gives a penalty of ten dollars for the acts alleged in the counts. The seventh section of the said statute of 1791, enacts, that no person except taverners shall suffer any person to drink any rum, brandy, gin, wine, or any other spirituous liquor sold by him in his shop, house, or the appendages thereof, " on penalty of forfeiting the sum of forty shillings for every such offence." The statute of December 23, 1820, which

is in addition to the statute of 1791, enacts "that in all cases the fine for the breach of the act to which this is in addition, shall be ten dollars instead of forty shillings." Several penalties and forfeitures of forty shillings are imposed by the statute of 1791 ; but a fine of forty shillings *eo nomine*, is imposed only in the sixth section, and the clause in the act of 1820, which increases the fine of forty shillings in the first act, cannot be construed to extend beyond that section. The plain import of the language shows that the intention of the legislature was to confine the operation of that clause to the sixth section. A penal statute is to be construed strictly, and not to be extended by any equitable construction. 5 East, 313, *Fleming* v. *Bailey* ; 6 Cowen, 567, *Myers* v. *Foster* ; 7 ditto, 252, *Van Valkenburgh* v. *Torrey* ; Plowden, 124 ; Yelv. 23, *Brode* v. *Owen* ; 3 East, 334, *Mason* v. *Middleton* ; 3 Campbell N. P. C. 111, *Gahagan* v. *Cooper* ; 4 Day's Conn. Rep. 421, *Leonard* v. *Bosworth* ; 4 Mass. Rep. 473, *Melody* v. *Reab* ; 8 ditto, 490, *Commonwealth* v. *Carrol* ; 2 Johns. 410, *Conklin* v. *Elting* ; 16 ditto, 73, *Norval* v. *Cornell* ; 1 Mass. Rep. 167, *Berry* v. *Ripley*. The statute affords, then, no foundation for this action.

But if the statute of 1820 shall be construed to increase all the forfeitures of forty shillings, in the statute of 1791, to ten dollars, then it is wholly uncertain whether this action was intended to be founded on the first or on the seventh section of the statute of 1791. It is alleged that the defendants, not being taverners, nor licensed to keep tavern, sold a glass of wine. Such a sale rendered the defendants liable to a penalty under the first section. It is then alleged that the defendants suffered the person to whom it was sold, to drink it in their shop. This made them liable to a penalty under the 7th section. Which of these offences the declaration intended to describe, we know not, nor is it material we should know. Both are there, and as only one penalty is demanded for both, it is bad.

Tracy
*v.*
Perry, et al.

Another objection to the declaration is, that it is against two persons in a case where there can be no joint forfeiture. The statute is in the singular number ."No person shall sell, or suffer any person to drink, &c." If two united in the act, each incurred a several penalty. If any offence is regularly described in the declaration, it is that of suffering the person to drink the wine in the shop, which cannot be joint. If this question is to be settled by the language of the statute, or by the nature of that by which the penalty is incurred, these defendants cannot be held to be jointly liable. In support of this objection, we rely upon the following authorities. 2 Conn. Rep. 309, *Curtis* v. *Hurlburt*; 4 D. & E. 809, *The King* v. *Bleasdale*; 2 East, 573, note, *Hardyman* v. *Whitaker*; 4 Mass. Rep. 431, *Boutelle* v. *Nurse*; Cowper, 610, *Rex* v. *Clarke*; 5 D. & E. 542, *The King* v. *Hube*; 4 B. & P. 245, *Barnard* v. *Gostling*; 1 Salkeld, 382, *Regina* v. *Atkinson*; 4 Burr. 2046, *Rex* v. *Tucker*; 2 Wilson, 40; 1 Saund. 312, note; Espin. on Penal Actions, 69; Hammond on Parties to Actions, 89.

*Handerson*, for the plaintiff in error.

Judgment was arrested, in this case, on the ground, that upon the facts stated in the declaration, the defendants were severally, and not jointly, liable for the penalties imposed by the statute; and to show that there was error in this, we rely upon the following propositions.

I. Penal statutes are to be construed strictly, and penalties are not to be extended, in number or amount, beyond the clear and obvious meaning of the statute. 4 Mass. Rep. 471, *Melody* v. *Reab*; 3 Bing. 193; 3 East, 334 *Mason* v. *Middleton*.

II. Penal actions are subject to the same rules as actions of trespass, where all who join in the act are liable, and may be sued jointly or severally. But only one penalty can be recovered for a single act done, whether done by one or many, unless the statute clearly and expressly makes each offender liable to a several penalty. 5 Mass.

Rep. 266, *Burnham* v. *Webster* ; 4 ditto, 431, *Boutelle* v. *Nurse* ; Cowper, 610, *Rex* v. *Clarke.*

III. Where the acts prohibited are increased in amount by reason of several uniting in them, then in case the words of the statute will fairly bear such construction, each offender may be held liable to a separate penalty. But where the act done, is in its nature, one and indivisible, not susceptible of addition or diminution, whether done by one or many, for doing such act, only one penalty is incurred. 4 D. & E. 809, *The King* v. *Bleasdale* ; 2 East, 569, *Barnard* v. *Gostling, et a.* ; Moor, 453, *Partridge* v. *Naylor* ; 5 D. & E. 542, *The King* v. *Hube, et al* ; 4 Mass. Rep. 431 ; 1 New Reports, 245, *Barnard* v. *Gostling.*

This action is founded upon the seventh section of the statute of June 14, 1791, which enacts that no person licensed to retail only, or any other persons, excepting taverners, shall sell any mixed liquor, &c. to any person, directly or indirectly, or suffer any person to drink any such mixed liquor, so sold, or to drink any rum, brandy, gin, wine, or any other spirituous liquor, sold by him in his shop, house, or appendages thereof, on penalty of forfeiting forty shillings for every such offence. By the statute of December 23, 1820, the penalty was increased to $10.

It is difficult to imagine a case where the act which constitutes the offence and incurs the penalty, is more perfectly single and indivisible, than the act alleged to be done by the defendants in this case. It is not in its nature capable of addition or diminution, whether done by one or many. There is nothing in the language of the statute which indicates an intention of the legislature, that when two or more join in one act against the statute, each should be liable to a separate penalty. The cases of *Hardyman* v. *Whitaker,* 2 East, 573, note, and *Partridge* v. *Naylor,* Moore, 453, are strongly in point in favor of the plaintiff.

Tracy
v.
Perry, et al.

The objection to the counts in this case, that they are bad for uncertainty, is altogether without foundation. The action is brought to recover the forfeitures which the defendants have incurred, by suffering liquor sold by them, to be drunk in their shop. The averment that they sold the liquor is essential to the action ; for no penalty is incurred under the statute by suffering liquor to be drunk in a shop, unless the same is sold by the owner of the shop. The defendants may have incurred a penalty by selling the liquor, and the allegations in these counts may contain all the matter essential to the maintenance of an action for such penalty. But this is no objection to these counts. All the allegations they contain are necessary in order to recover the penalties demanded in this action.

It is also objected, that no such penalty as is demanded in this case, is given by statute. This depends upon the intent and meaning of the statute of 1820. It is true the word fine is not used in the seventh section of the statute of 1791. But the language of the statute of 1820 is as broad as it can be—" in all cases the fine for *the breach of the act* to which this in addition, shall be ten dollars instead of forty shillings." The intent of the legislature is as clear as if it had been enacted that all fines, forfeitures, and penalties shall be ten dollars, instead of forty shillings. For the words fine, forfeiture, and penalty, all mean the same thing in a penal statute.

The opinion of the court was delivered by

RICHARDSON, C. J. This case has been very well argued on both sides. It has been argued by the counsel for the defendants in error, that judgment was properly arrested, because the counts in the declaration were bad for uncertainty, and because no statute has given the penalties, which are demanded. But these objections have been very satisfactorily answered by counsel on the other side, and we are clearly of opinion that these exceptions afforded no legal ground for arresting judgment.

The exception to the declaration, that the penalties incurred were severally incurred by the defendants and not jointly, presents a question of more difficulty. But we are of opinion, that the true enquiry is, in a case of this kind, can the single offence, created by the statute, be committed by more than one person ? If it can, then, unless the words of the statute clearly show a contrary intention, although the offence be committed by several, only one penalty is forfeited. By this rule these defendants jointly forfeited one penalty for each offence. Both the defendants must have been present and concurred in the sale of the wine, and both must have suffered the wine to be drunk in their store, otherwise the verdict could not have been against both. The offences alleged in the declaration seem to us to be single, and as both defendants concurred in the facts, they are liable only to one penalty. We see nothing in the nature of the offence, or in the language of the statute, which renders it in any degree probable that the legislature intended to make each of several persons so concerned in such a transaction, liable to a several penalty.

*Judgment reversed.*